Mr. O'Brien, good morning. Good morning, Your Honor. Are you settled? I'm sorry? No, I noticed you didn't have a chance to bring your briefcase up. I'm hoping that this is all I will need. All right, good enough. May it please the Court, Mr. Medina's, in his case, firstly, the government concedes that the appellate waiver Mr. Medina signed should not be enforced on appeal. He was advised by the district court that he could appeal the special conditions of his supervised release. The government made no comment at the change of plea hearing. The government also concedes three out of the four aspects of plain error in this case regarding the sentence of 20-year supervised release. The government agrees with the defendant that the term, the legal limit on supervised release should be five years. The government does not concede the fourth prong of the fairness element. I would argue that the imposition of any illegal sentence implicates fairness and impinges judicial integrity. I cited the case of United States v. Matos in my brief where this court vacated a term of supervised release that was beyond the statute on plain error review. I'm not conceding that there was no objection in the district court to that issue. Trial counsel served an objection to the pre-sentence report citing, I believe it was the Goodwin case, out of another circuit. She did not go into details, but in essence, the Goodwin opinion, that is the position put out in the Goodwin opinion that it's only a five-year limit and not a lifetime under the statute and the guidelines. And then she, at the sentencing hearing, asked the district court to revisit the 20 years. Her request was generally phrased. But in any event, even under plain error review, I believe the court can correct that situation and vacate remand so that Mr. Benita can be correctly sentenced to the five-year term of supervised release. The issues in actual dispute involved the special conditions of supervised release. They were two conditions that I focused on. The first was that the defendant was to undergo PPG testing. And the second was a total ban on the defendant's viewing. Well, the first one was at the discretion of the probation officers, I remember. Well, actually, my recollection of the provision was paragraph 104, I believe, page 28 of the supplementary appendix, that was written in more mandatory terms, Your Honor, that the defendant shall undergo, and it had sex offender therapy to be arranged by the probation office. The defendant shall abide by all rules, requirements, et cetera, and conditions, including submission to PPG testing. Can you give me the exact paragraph? Oh, certainly, Your Honor. In the supplementary appendix, it is on page 28, and it's paragraph 104 in the... The treatment program is not required to order PPG testing by the district judge, correct? Well, I would say, Your Honor, that's... I mean, he doesn't say you must subject him to PPG. What he says is you must follow PPG testing if the treatment program orders it. I would say that the provision is written in more mandatory language. Suppose it's written as I say, okay? Suppose that the way we understand it is that the judge did not require PPG testing. What the judge required was compliance with PPG testing if the treatment program requires it. Do you follow the difference? I follow the difference, Your Honor. Okay. If that's how it's understood, does your objection still stand? Yes, it does, Your Honor. Okay, great. So just on that, what is the nature of the objection, assuming it's contingent in that way, that he must comply with it if it's ordered by the treatment program? Well, I think it basically comes down to two reasons, a substantive due process argument and the argument, a procedural argument in sentencing that the sentencing must be tailored to the specific conditions, circumstances of the case and the defendant. And so are you arguing that this condition, given how invasive it is, is in your view facially unreasonable to impose? Yes, absolutely. It's invasive both physically and mentally. It's quite Orwellian in its scope, reminiscent of Kubrick's Clockwork Orange testing. The government should not be involved in this. There's also devices for female defendants. It's highly invasive and, therefore, violates due process, substantive due process. But it also is not tailored for defendant sentencing that it can be no loss of liberty. It's beyond the pale of the reasons for sentencing because of its invasiveness. Counselor, we have case law that keeps repeating that it's widespread, and you are a practitioner. Could you give us some idea as to how often defendants are subjected to this kind of treatment? I have no firsthand knowledge, Your Honor, but I will say that this was a group of special conditions were part of a pre-printed form that was tacked on to this sentence by the Probation Department. And as further evidence of that, there is a clause in paragraph 116 talking about the general ban on pornography, which says that, oh, by the way, you cannot also have any access to the materials that you used in committing this offense of child pornography. And clearly that is not this defendant. So this is, I would submit, routinely done, that this pre-printed form of special conditions is given out to all defendants in failure to register cases or in any case where the defendant may have a history of sexual offenses. I guess one of the problems that I have is whether the issue is framed in such a way on this appeal and also the next case that would allow us to deal with this whole PPT issue. I mean, there's been no hearings below as to the ongoing reliability of this testing or whether it's still commonly used. The defense counsel here filed not only the written objection to the PSR, but that was her most eloquent, I would submit, argument in front of the district court, where it was clearly and squarely placed before the district court the defendant's objection to this testing, that it was humiliating, that it was invasive. And the district court specifically said, oh, Mr. Medina has humiliated his victim. And now we're talking about humiliating him. And that, to me, is violated procedurally how a sentence is being conducted. So let me just, on that point, so I understand, so you're making two separate arguments on appeal in conjunction with the reference to PPT. The first argument is it is substantively unreasonable. And there's a question whether you've put enough evidence to make it so that claim succeeds on the merits. But as I understand your second argument, you're contending that the district judge, in rejecting that contention, did not give an adequate explanation for the rejection. Correct. So even if we think on the merits, you haven't made the case for showing that PPG is an impermissible condition. We should remand for resentencing because the district judge didn't consider in the way that he's required. Is that as a procedural due process matter or just as a statutory matter, that he didn't do an effective sentencing explanation given the invasiveness of the procedure? I would say due process, I mean, I think under Gall, procedural irregularity, but more so you're on a statutory and by the guidelines that the district court is supposed to tailor a sentence for the circumstances of this particular case and this particular defendant. And that was not done in this case. There is no evidence before the district court where the PPT testing is applicable or would work in Mr. Medina's case. And as far as the ban on pornography, I really hang my hat on the Peraza Mercado case, and there is no justification in the record for the imposition of that total ban on pornography. So a very similar argument as regarding that point as well. Thank you. Thank you, Your Honors. Mr. Morgan. Good morning, Your Honors. I, too, seem to have something in my throat, so I apologize if you can't hear me so well. Brother Counsel did correctly preface his presentation with certain concessions that are made by the United States. And first, that has to go with the waiver of certain of the conditions. What we very clearly mentioned in our brief and in stating our concessions that we felt that at the sentencing hearing, the district court did not strike that. And therefore made a knowledgeable and informed decision in waiving his right to appeal. And it is for that reason that we are addressing the conditions specifically. There was a mention that the United States didn't concede the miscarriage of justice to not allow the appeal, but though the brief doesn't go into any detail, I think it's a moot point because we can't certainly find that the defense defendant did not knowingly and voluntarily waive his right to appeal. So the third point is sort of left up in the air, but it's a moot point. Nevertheless, we are conceding the fact that the defendant did not waive his right to appeal, at least with respect to the conditions, at least one of the conditions that is presented. Similarly, with respect to the calculating the advisory guidelines, the term, I think the United States across the board has agreed that it is five years, not the five to life as it is mentioned in section 3583. Statutorily, that is the provision, five to life, but on the guidelines, it is five. The United States concedes that wholeheartedly. Let me move on to the first issue for appeal, the PPG. I agree that the defendant did properly preserve that issue for appeal, and therefore, before this court, the proper standard is abuse of discretion. However, I do sort of take a jump here and say and submit to you that that issue really isn't ripe to be heard. Before this court. I agree with Judge Barron when you say that, or in your question at least, infer that it's premature. The way that the condition was written leaves it as a mere suggestion, a mere possibility, that can be determined by the treatment provider. That's what bothers me most. That this is a delegation of something that should be decided by a judicial authority, not by a third party. As informed as it might be, et cetera. Your Honor, there are certain limits as to what a district court judge can order with respect to something that is so specific. It requires But he at least ordered this much. He ordered that if the treatment provider thought it was necessary, the defendant had to comply with it. And the question I have is, why doesn't the district judge have an obligation to make a reasoned analysis at the time he makes that order, that something that invasive can be imposed on the defendant with the defendant having no option but to accept it? As long as the treatment provider thinks it can be imposed. The answer to that question is very simple, Your Honor. There is a plethora of cases which have found that that is a reasonable and appropriate test to be given. Has our circuit held definitively? No. And other circuits have held the opposite. Well, that's true. A lot of those cases are old cases when this so-called scientific treatment was just getting started. But to get to that point, we have to make the leap that it is, that he's, I just, I submit to you that it's premature at this point. When you continue reading the condition, it also says with a very big or other testing available at the time of his release. Basically, all you're saying is you're expanding the discretion a nonjudicial person is taking. It's not even limited to this. It's the entire field, basically. There has to be some delegation to those who are providing that sex offender treatment. Why? Why can't the order establishing, why is the government required to establish that this particular defendant needs XYZ treatment so that there is somebody, a judicial officer, who passes upon the appropriateness of the treatment? At this point, Your Honor, I submit to you that Judge Fuste is simply making it a suggestion. If the treatment provider provides that it's necessary, then they can do it. But it would be at that time that the treatment would have to fail to... You know, the way I read this, I read pretty much the way Judge Barrett apparently reads it. Defendants shall abide by all rules, requirements, and conditions of the sex offender treatment program, including submission to testing, semicolon, such as polygraph, penile, however you pronounce it. PPG, et cetera, et cetera. But that et cetera, et cetera is important. No, no, et cetera, et cetera, I add it. It's not in here. No, I know. But if we were to fill in what should be there, et cetera, et cetera, is the able assessments, visual reaction testing, or other testing available at the time of his release. I mean, purportedly shock therapy if it's in the... But we might say, look, if a defendant doesn't object to one of the named procedures at the sentencing hearing that he's going to be required to follow if the treatment provider says it has to be provided, that's on the defendant. But in this case, the defendant did object to the district court, and he said, I don't want this condition to be imposed. So the question at that point is, why doesn't the judge have an obligation to explain why it is? Now, maybe you say, he did explain it, and his explanation is, we always do this. But then the question for us is, is that a sufficient explanation given no court of the First Circuit has said that that's necessarily lawful, and other circuits are out there with all kinds of evidence suggesting there's a real problem. Is there a problem with this type of procedure? That would be appropriate to infer in this case. The judge did mention a number of times that he was basing his decisions and his recommendations, in particular with respect to the conditions of release, based on his extensive criminal record and the most recent sex offense. So at least that much. We can at least at this stage decide whether it was adequate. His explanation was adequate at this stage for requiring the defendant to comply with this particular procedure if imposed by a treatment provider. I think that we can make that assumption based on the fact that the PPG is a recognizable treatment. But I'm asking, do you agree that we can decide at this stage whether the judge's assumption on that point is an adequate explanation for the order he issued? I believe so. And do you want to defend why it's adequate? Well, that sort of leads me to the second point, that if this court were to follow what the defendant is suggesting, a facial challenge, finding that the PPG is facially unreasonable, I would submit to you that that, too, is not ripe at this point. All we have is some mere arguments from counsel placed in a sentencing memorandum suggesting as such. When we have on the other side, we have established case law from other circuits which say exactly the opposite. But did the district judge address any of them? Did the district judge say anything about whether it was reliable under Daubert? Did the district judge say anything about whether this was cruel and unusual? Did the district judge say anything about whether it was degrading and humiliating? He mentioned something about the humiliation. Only that the defendant had humiliated people. That's right. No, he didn't go into detail into that aspect. So how is that an adequate response to the objection? And that a valid sentencing consideration should be that it's okay because he's humiliated other folks for him now to be humiliated. He's put that in there as a valid sentencing consideration. I don't understand the not ripe argument to begin with. Because the order is there. What are we supposed to do, wait until the test is actually being given before it becomes a case of controversy? Yes. Well, he's already been ordered to comply. That's what he's objecting to, the order to comply. Why is that right? Because this court doesn't have before its consideration the appropriate facts for or against the PPG. It's like saying shock therapy. All of a sudden shock therapy has been outlawed long ago. But there's nothing on the record for the court to sink its teeth into. But you'd agree that he could not order compliance with shock therapy if ordered by the PPG. And we at this stage would have to say, well, we'll just take it up when it's imposed. Would you agree with that? Because Sebastian says if it's so unreasonable, we can look at it. Exactly, but we don't know how unreasonable it is right now. But then the question is, did the judge explain himself as to why he thought it was not so unreasonable? And why isn't that ripe at this stage? I think, honestly, Your Honor, that this is a condition that comes up each and every time. We have individualized sentencing. We do, of course. And it's not, though you start with a go-by, so to speak, doesn't mean, or a boilerplate document doesn't mean that that document doesn't get modified along the way. But these were modified, and the ones that were properly objected to by the defendant, they were so modified. And jumping real quick to 106, the one about the ban on pornography, it wasn't specifically objected to at the sentencing hearing. And I submit to you that that's why that last paragraph where it says, the defendant shall refrain from accessing any material that relates to the activity in which the defendant was engaged in committing this offense, namely child pornography. Had it been specifically objected to, that particular section most likely would have been closed. I just have one last question from my side. When you say we could take it up later, and Judge Shoya asked you when, you say in your brief that it could be taken up at the modification proceeding. Is that when he would do it? If he said he would move to modify the sentence? Or how would he challenge this thing when it's imposed? Well, I suppose that that's one option. Does the government believe that you can challenge the legality of the sentence at a modification hearing? Because I had thought that the government had taken that position that they couldn't challenge the sentence at the modification stage. So I just don't know when you would challenge it if not now. Right, but similarly, this court is not in the practice of making advisory opinions. If the PPG is not necessary for this individual, and his individualized sex offender treatment, the issue will never arise. Counsel, you'll get to zero in on Judge Barron's question because we're all concerned about it. When would he take it up? Well, I suppose if it's not a modification hearing, it would be a hearing in which he refuses to comply with the PPG test. So a violation hearing? I suppose that's one option. Big risk he's got to take in order to make this objection. But it's not an unreasonable risk. If he truly feels that the PPG is as vile as he represents it. But why can't he object to it at the time of sentencing? He did. Then perhaps we need to have sort of a Daubert-like hearing as to whether the PPG should now go the way of shock therapy. I don't know, but that wasn't done in this case and that's sort of why I'm saying that we should have that. Because frankly, I deal with these cases every single day and this issue comes up all the time. I would certainly be one to benefit from a ruling one way or the other as to the PPG so we don't have to keep coming before you. However, I don't think that that was done in this case. Who's asking for this sentence? Who's asking for PPG? Does the government want PPG to be imposed? And is the government asking for that without knowing whether it's reliable? I don't quite understand. I really can't opine as to that because I personally don't know. It is one that is Has somebody talked to probation? Is probation monitoring this? Of course. So is someone in probation whispering in the U.S. Attorney's ear that this is great treatment for people and it's effective and producing great results? I mean off the record and I'm sorry I'm way over my time if I can continue. For a little while. I mean I've had conversations with probation regarding these things informally and we are defending the practices of probation. I don't know what the foundation of those are but at least it's leaving open the option at this moment to the person with better knowledge of how to treat sex offenders. I can't make that decision perhaps the judge shouldn't be making that decision unless he has the proper information presented to him which I say again was not done in this case. It's only argument of counsel based on the theory that wrapping a ring around someone's penis showing them pornographic images and testing how full the penis gets or how little it gets shocks your conscience. Maybe too many of us have seen Clark work orange. My point your honor is that to make a proper decision the district court needs all the facts and all the information and I don't think that was done in this case. Thank you. Thank you.